STATE OF NORTH CAROLINA v. COREY JERMAINE LOWE

No. COA01-859

(Filed 18 June 2002)

**Assault— deadly weapon with intent to kill inflicting serious injury—failure to instruct on lesser-included offense of misdemeanor assault inflicting serious injury**

The trial court committed plain error by failing to instruct on misdemeanor assault inflicting serious injury under N.C.G.S. § 14-33(c) as a lesser-included offense of assault with a deadly weapon with intent to kill inflicting serious injury, because: (1) there is sufficient evidence from which the jury could find that fists and a commode lid were not used as deadly weapons but did inflict serious injury; and (2) even though the State argues that the jury would have found defendant guilty of felonious assault inflicting serious bodily injury under N.C.G.S. § 14-32.4, felonious assault inflicting serious bodily injury is not a lesser-included offense of assault with a deadly weapon with intent to kill inflicting serious injury.

**STATE v. LOWE**

[150 N.C. App. 682 (2002)]

Appeal by defendant from judgment entered 16 May 2000 by Judge Howard R. Greeson, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 24 April 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Leonard G. Green, for the State.*

*Rudolf Maher Widenhouse & Fialko by M. Gordon Widenhouse, Jr., for defendant appellant.*

McCULLOUGH, Judge.

Defendant Corey Jermaine Lowe was tried before a jury at the 15 May 2000 Criminal Session of Guilford County Superior Court. Defendant was indicted on one count of assault with a deadly weapon inflicting serious injury by superceding indictment on 20 March 2000, and as being an habitual felon by superceding indictment on 21 February 2000.

The facts showed that on 6 October 1999, Tony Gibson and two others arrived between 10:30 p.m. and 11:00 p.m. at a Greensboro night club called Club Sensation. The group was drinking and dancing during what was a crowded night at the club. After awhile, Gibson, the victim, went to the restroom. While there, someone called out from behind saying, "You're a brave motherf---er." Gibson turned to see defendant and some of his friends.

At this point, Tony Gibson had known who defendant was for several years. In 1994, Gibson was involved in an altercation with Tim Lowe, defendant's brother. Gibson had allegedly pulled his own younger brother away from a group of people that included Tim Lowe who were beating a man with a gun. Tim Lowe pointed the gun at Gibson and said he would kill him. Tim then apparently shot the man he was beating. Gibson got a shotgun from his car and fired a shot in the air. The two exchanged gunfire, and Gibson eventually shot Tim Lowe who died a year and a half later as a result of these wounds.

Defendant and Jamie Lowe found and shot Tony Gibson the day after Tim was shot. They further threatened Gibson by calling his hospital room and warning, "You got to die for killing our brother." The police guarded his hospital room.

Tony Gibson was charged with first-degree murder when Tim Lowe eventually died. He pled guilty to voluntary manslaughter and

served three years of a six-year sentence. Since this early incident, Gibson had not seen or spoken to defendant until 6 October 1999. Thus, as soon as Tony Gibson turned away from the group, they rushed him and began to beat him. Gibson testified that he was hit and "stomped" and probably beaten with the lid of the commode, although Gibson was not sure about the lid. He had noticed that the lid was not broken before the fight, and that after the fight it was broken. Gibson said that defendant had said that the fight was for his brother. According to the victim's witnesses, security guards broke up the fight and allowed defendant and his friends to leave. Testimony from the club employees disputed that claim.

Gibson was taken to the hospital after passing out at the club. He suffered from a fractured nose, loss of hearing in one ear, and a gash on his head that required staples to close. He was released the next day, but missed two weeks of work.

The jury was presented with three possible verdicts: assault with a deadly weapon with intent to kill inflicting serious injury, assault with a deadly weapon inflicting serious injury, or not guilty. They found defendant guilty of assault with a deadly weapon inflicting serious injury on 15 May 2000. Defendant then pled guilty to being an habitual felon. Defendant was determined to have a prior record level III, and was sentenced in the aggravated range to a minimum term of 120 months and a maximum term of 153 months.

Defendant brings forth the following assignments of error on appeal: The trial court erred (1) by failing to instruct the jury on misdemeanor assault inflicting serious injury as a lesser included offense of assault with a deadly weapon with intent to kill inflicting serious injury where there was evidence from which the jury could find defendant did not use a deadly weapon; (2) in overruling defendant's objection to improper opinion testimony by the victim regarding whether he was struck by the toilet seat lid as this testimony was beyond his personal knowledge and constituted an improper opinion; (3) in aggravating defendant's sentence based upon an unsupported and inaccurate observation that defendant lied about the incident which was neither an appropriate aggravating factor nor supported by the evidence; and (4) by imposing a sentence in excess of the presumptive by failing to find a statutory mitigating factor supported by uncontradicted evidence.

I.

Defendant's first contention is that the trial court erred by failing to submit to the jury the lesser included offense of misdemeanor assault inflicting serious injury. The record shows that defendant had an opportunity to object at trial but did not. Thus, we review the omission of this instruction under the plain error standard.

> The plain error rule "allows review of fundamental errors or defects in jury instructions affecting substantial rights, which were not brought to the attention of the trial court." In order to obtain relief under this doctrine, defendant must establish that the omission was error, and that, in light of the record as a whole, the error had a probable impact on the verdict.

*State v. Bell*, 87 N.C. App. 626, 634-35, 362 S.E.2d 288, 293 (1987) (citation omitted).

> Defendant argues that he was entitled to the instruction on misdemeanor assault inflicting serious injury found in N.C. Gen. Stat. § 14-33(c)(1) (2001). This statute prohibits committing any assault or assault and battery during which the person inflicts serious injury upon another person. *Id.* Misdemeanor assault inflicting serious injury, along with simple assault, are lesser included offenses of assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon inflicting serious injury. *Bell*, 87 N.C. App. at 635, 362 S.E.2d at 293; *see also State v. Weaver*, 264 N.C. 681, 683, 142 S.E.2d 633, 635 (1965).

> The primary distinction between felonious assault under G.S. § 14-32 and misdemeanor assault under G.S. § 14-33 is that a conviction of felonious assault requires a showing that a deadly weapon was used *and* serious injury resulted, while if the evidence shows that only one of the two elements was present, i.e., that *either* a deadly weapon was used *or* serious injury resulted, the offense is punishable only as a misdemeanor.

*State v. Owens*, 65 N.C. App. 107, 110-11, 308 S.E.2d 494, 498 (1983). According to defendant, the testimony and evidence established that victim Tony Gibson was beaten with fists and "stomped," presumably with feet. There was also some conflicting testimony that the victim was beaten with the lid of the commode. What this evidence did not establish, at least conclusively, was that a deadly weapon was used. Thus, defendant contends that the trial court was required to give the

instruction on the lesser included offense of misdemeanor assault inflicting serious injury.

We agree. "In North Carolina, a trial judge must submit lesser included offenses as possible verdicts, even in the absence of a request by the defendant, where sufficient evidence of the lesser offense is presented at trial." *Owens*, 65 N.C. App. at 110, 308 S.E.2d at 497. There is sufficient evidence from which the jury could find that the fists and commode lid, if believed, were not used as deadly weapons but did inflict serious injury.

> A deadly weapon is "any instrument which is likely to produce death or great bodily harm, under the circumstances of its use . . . . The deadly character of the weapon depends sometimes more upon the manner of its use, and the condition of the person assaulted, than upon the intrinsic character of the weapon itself." *State v. Smith*, 187 N.C. 469, 470, 121 S.E. 737 (1924). Where there is no conflict in the evidence regarding both the nature of the weapon and the manner of its use, the applicable principles in determining its deadly character are well stated in *Smith, id.*:
>
>> "Where the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion, the question as to whether or not it is deadly within the foregoing definition is one of law, and the Court must take the responsibility of so declaring. . . . *But where it may or may not be likely to produce fatal results, according to the manner of its use, or the part of the body at which the blow is aimed, its alleged deadly character is one of fact to be determined by the jury.*" (Citation omitted.)
>
> If there is a conflict in the evidence regarding either the nature of the weapon or the manner of its use, with some of the evidence tending to show that the weapon used or as used would not likely produce death or great bodily harm and other evidence tending to show the contrary, the jury must, of course, resolve the conflict.

*State v. Palmer*, 293 N.C. 633, 642-43, 239 S.E.2d 406, 412-13 (1977) (emphasis added) (footnote omitted).

This Court has dealt with a similar situation in *Bell*, 87 N.C. App. 626, 362 S.E.2d 288. *Bell* involved a plain error review of the failure of

the trial court to instruct the jury on simple assault and misdemeanor assault inflicting serious injury. There was conflicting evidence as to whether a gun was used to beat the victim. In our case the question is whether the fists and toilet seat became deadly weapons rather than was a per se deadly weapon used, but the principle is the same. This Court said, "There is simply no way to ascertain what verdict the jury might have reached had they been given an alternative which did not include the use of a deadly weapon." *Bell*, 87 N.C. App. at 635, 362 S.E.2d at 293. *Bell* held that the failure to instruct on the lesser included offense of misdemeanor assault inflicting serious injury constituted plain error. We hold the same here.

The State argues that the evidence proves and the jury would have found defendant guilty of felonious assault inflicting serious bodily injury under N.C. Gen. Stat. § 14-32.4 (2001). Because of this, an instruction on misdemeanor assault inflicting serious injury, found in N.C. Gen. Stat. § 14-33(c), would not have been proper because that statute states a person can be guilty of the misdemeanor "[u]nless the conduct is covered under some other provision of law providing greater punishment," which the felony would be. However, this Court has recently rendered the opinion of *State v. Hannah*, 149 N.C. App. 713, 563 S.E.2d 1 (2002), which holds that felonious assault inflicting serious bodily injury is not a lesser included offense of assault with a deadly weapon with intent to kill inflicting serious injury, and it is error for the trial court to submit it to the jury as such. *Id.* Thus, the State's harmless error argument fails.

Because we hold that it was plain error for the trial court not to instruct on misdemeanor assault inflicting serious injury, it is not necessary to reach defendant's other assignments of error.

Reversed.

Judges WYNN and BIGGS concur.