STATE OF NORTH CAROLINA v. TRONE BRONKEITH TILLERY

No. COA07-23

(Filed 16 October 2007)

**Assault— board as deadly weapon—lesser included offense**

The trial judge in a felony assault prosecution correctly concluded that the issue of whether a 2x4 board was a deadly weapon was for the jury, but should then have instructed on the lesser included misdemeanor of assault inflicting serious injury.

Appeal by defendant from judgment entered 27 July 2006 by Judge W. Russell Duke, Jr. in Edgecombe County Superior Court. Heard in the Court of Appeals 30 August 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Barbara A. Shaw, for the State.*

*Haral E. Carlin, for defendant-appellant.*

STEELMAN, Judge.

Having correctly determined that the jury must decide whether a "2x4 board" was a deadly weapon for purposes of a felony assault, the trial court erred in not submitting the lesser included offense of assault inflicting serious injury to the jury.

The State's evidence at trial tended to show that, on the evening of 1 May 2005, Scott Lewis suffered a fractured skull, a broken jaw, and other injuries as the result of a severe beating that took place at defendant's home at the hands of two men. Lewis and others had been working at the defendant's home throughout the afternoon, and the defendant was present. There was no trouble during the daylight

hours. Crack cocaine and marijuana were available, and the victim acknowledged using drugs that day. Later in the evening, a friend of the defendant, known to Lewis only by his nickname of "B," arrived. The beating occurred after B's arrival. Lewis' skull was cracked in two places, he suffered a brain hemorrhage, his jaw was broken, and four of his teeth were knocked loose. He spent several days in intensive care and was out of work for six months.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury. The indictment identified the deadly weapon as "a 2x4 board, a deadly weapon[.]"

At trial, Lewis identified the defendant as one of two men who had "stomped and kicked and beat [him] repeatedly." When asked to "start from the beginning," Lewis responded that "[I]t was late evening before his friend got there. And all I remember is the first flash of when the two by four hit me in my face." Lewis could not identify which of the men wielded the two by four, but was certain that there were two men. He testified that he had known the defendant for three or four months, but knew him only as "Weasel." He had only seen "B" once or twice.

Lewis was interviewed on the evening of the assault. Deputy Owens testified that Lewis told him that "some guys . . . had hit him with a two by four and stomped him and beat him" and identified his attacker as "B." Owens denied that the victim had identified "Weasel" as one of his attackers. The victim's father and Corporal Sewell both testified that the victim identified both "B" and "Weasel" as his attackers. The officers never determined the identity of "B" and never found a bloodstained two by four board or any other bloodstained lumber or implement at defendant's house or yard.

The defendant presented no evidence but moved the Court to dismiss the charges. This motion was denied. The trial court instructed the jury on assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon inflicting serious injury but denied the defendant's request to instruct the jury on the lesser-included charge of misdemeanor assault inflicting serious injury. The trial court gave a peremptory instruction on the element of serious injury, but gave the following instruction concerning the "deadly weapon" element of the charge:

> [T]hat the defendant used a deadly weapon. A deadly weapon is a weapon which is likely to cause death or serious bodily injury. In determining whether a two by four board was a deadly weapon,

you should consider the nature of a two by four board, the manner in which i[t] was used, and the size and strength of the defendant as compared to the victim.

The jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury. Defendant was sentenced to a term of thirty-four to fifty months' imprisonment. Defendant appeals.

In his first argument, defendant contends that the trial court erred in refusing to instruct the jury on the lesser-included offense of misdemeanor assault inflicting serious injury. We agree.

Misdemeanor assault inflicting serious injury is a lesser included offense of assault with a deadly weapon inflicting serious injury. *State v. Lowe*, 150 N.C. App. 682, 685, 564 S.E.2d 313, 315 (2002).

> The primary distinction between felonious assault under G.S. § 14-32 and misdemeanor assault under G.S. § 14-33 is that a conviction of felonious assault requires a showing that a deadly weapon was used *and* serious injury resulted, while if the evidence shows that only one of the two elements was present, i.e., that *either* a deadly weapon was used *or* serious injury resulted, the offense is punishable only as a misdemeanor.

*Id.*, 564 S.E.2d at 316 (quoting *State v. Owens*, 65 N.C. App. 107, 110-11, 308 S.E.2d 494, 498) (1983). In *Lowe*, the victim was severely beaten and testified at trial that "he was hit and 'stomped' and probably beaten with the lid of the commode[.]" *Id.* at 684, 564 S.E.2d at 315. The trial court did not instruct the jury on misdemeanor assault inflicting serious injury. *Id.* Since the defendant failed to preserve the issue at trial, this Court reviewed the issue on a "plain error" standard. *Id.* at 685, 564 S.E.2d at 315. Finding that there was no "conclusive evidence" that a deadly weapon was used, this Court reversed the conviction. *Id.* at 685, 687, 564 S.E.2d at 316-17.

In order for the State to prove assault with a deadly weapon inflicting serious injury, it had to prove that a deadly weapon was used. In *State v. Whitaker*, 316 N.C. 515, 342 S.E.2d 514 (1986), our Supreme Court stated:

> When any evidence presented at trial would permit the jury to convict defendant of the lesser included offense, the trial court must instruct the jury regarding that lesser included offense. Failure to so instruct the jury constitutes reversible error not cured by a verdict of guilty of the offense charged.

*Id.* at 520, 342 S.E.2d at 518 (internal citations omitted). A "defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208, 36 L.E.2d 844, 847 (1973). "The trial court may refrain from submitting the lesser offense to the jury only where the 'evidence is clear and positive as to each element of the offense charged' and no evidence supports a lesser-included offense." *State v. Lawrence*, 352 N.C. 1, 19, 530 S.E.2d 807, 819 (2000) (quoting *State v. Peacock*, 313 N.C. 554, 558, 330 S.E.2d 190, 193 (1985)). "The determining factor is the presence of evidence to support a conviction of the lesser included offense." *State v. Boykin*, 310 N.C. 118, 121, 310 S.E.2d 315, 317 (1984).

In *State v. Palmer*, 293 N.C. 633, 634, 239 S.E.2d 406, 407 (1977), the indictment charged that the defendant used "a stick, a deadly weapon[.]" At trial, the State's evidence tended to show that there were two assaults, one in which the defendant caused minor injury to the victim's arms by hitting him with a stick, and another where the defendant used no implement but beat the victim in the head, causing loss of ten teeth and severe bruising. *Id.* at 640-41, 239 S.E.2d at 411. The Supreme Court held that, as the stick was not a deadly weapon as a matter of law, the trial court's failure to instruct the jury on the lesser-included offense of simple assault was reversible error. *Id.* at 642-44, 239 S.E.2d at 412-13; *accord State v. Smith*, 186 N.C. App. 57, 650 S.E.2d 29 (2007).

Citing to the 1924 case *State v. Smith*, the Supreme Court clearly enunciated the test for when a jury must determine whether an object is a "deadly weapon."

" 'Where the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion, the question as to whether or not it is deadly within the foregoing definition is one of law, and the Court must take the responsibility of so declaring. . . . But where it may or may not be likely to produce fatal results, according to the manner of its use, or the part of the body at which the blow is aimed, its alleged deadly character is one of fact to be determined by the jury.' (Citation omitted.)"

If there is a conflict in the evidence regarding either the nature of the weapon or the manner of its use, with some of the evidence tending to show that the weapon used or as used would not likely

IN RE T.M.H.

[186 N.C. App. 451 (2007)]

produce death or great bodily harm and other evidence tending to show the contrary, the jury must, of course, resolve the conflict.

*Palmer*, 293 N.C. at 643, 239 S.E.2d at 413 (quoting *State v. Smith*, 187 N.C. 469, 470, 121 S.E. 737 (1924)).

In the instant case, the trial judge correctly concluded that the issue of whether or not the "2x4 board" was a deadly weapon was one for the jury to determine, and did not give a peremptory instruction on that element of the assault charge. Having made the determination that the "2x4 board" was not *per se* a deadly weapon, the trial judge should have instructed the jury on the lesser included offense of assault inflicting serious injury. We hold that this omission constitutes reversible error, and this matter must be remanded for a new trial.

In light of our decision, we decline to address defendant's remaining assignments of error.

NEW TRIAL.

Judges ELMORE and STROUD concur.