HUNTER, JR., Robert N., Judge.
Defendant Jimmy Orlando Littlejohn appeals from judgments entered upon jury verdicts finding him guilty of first-degree burglary and assault with a deadly weapon inflicting serious injury. We conclude the trial court did not commit plain error in failing to sua sponte submit to the jury an instruction on misdemeanor assault inflicting serious injury.
I. Factual and Procedural Background
The State's evidence tended to show the following. In late 2013, Defendant entered into a romantic relationship with E.G. ("Elena").[1] On 11 June 2014, Elena spoke with Defendant over the telephone and told him she was breaking up with him. Defendant became upset over the break-up and repeatedly phoned Elena to discuss their relationship. Elena became frustrated with the phone calls from Defendant and she informed him she would take out "stalking papers" if he kept calling. In the early morning hours of 13 July 2014, Defendant telephoned Elena multiple times, and she repeated her threat to "take out stalking papers" if he didn't stop calling. Shortly thereafter, a rock flew through Elena's bedroom window, breaking the glass. Elena then heard another loud noise from the direction of her kitchen. Elena and several other people living in the home, including her mother, aunt, and two sons, went to the kitchen to investigate the noise. There, they discovered the glass in the kitchen door was shattered and Defendant was inside the house. Defendant got into a struggle with Elena. He stabbed her multiple times with a pocketknife with a three-inch long blade. Defendant stopped attacking Elena and temporarily left her home, whereupon she and her family locked themselves in a bedroom. Elena's mother telephoned 911 requesting police and ambulance assistance, and they arrived shortly thereafter. Medical personnel transported Elena to a hospital where she was treated for multiple cutting wounds, including six stab wounds in her torso and back requiring four staples and three stitches. Defendant returned to Elena's home later that morning, where he was arrested.
The trial court instructed the jury on the offenses of first-degree burglary, assault with a deadly weapon with intent to kill inflicting serious injury, and the lesser-included offenses of assault with a deadly weapon inflicting serious injury, assault with a deadly weapon with intent to kill, and misdemeanor assault with a deadly weapon. The jury found Defendant guilty of first-degree burglary and assault with a deadly weapon inflicting serious injury, and the trial court sentenced Defendant to concurrent sentences of 111 to 146 and 35 to 54 months' imprisonment for his respective convictions. Defendant filed timely written notice of appeal from the judgments entered.
II. Standard of Review
"A party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless the party objects thereto before the jury retires[.]" N.C. R. App. P. 10(a)(2) (2017). Nonetheless, our State Supreme Court "has elected to review un-preserved issues for plain error when they involve ... alleged errors in the judge's instructions to the jury [.]" State v. Gregory, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). Under the plain error standard, a defendant must "demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error 'had a probable impact on the jury's finding that the defendant was guilty.' " State v. Juarez, 369 N.C. 351, 358, 794 S.E.2d 293, 299-300 (2016) (quoting State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) ). "[P]lain error is to be 'applied cautiously and only in the exceptional case' in which a defendant can show that the error is one that 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " Juarez at 358, 794 S.E.2d at 300 (quoting Lawrence at 365 N.C. at 518, 723 S.E.2d at 334 ). For this Court to find plain error, "it must be probable, not just possible, that absent the instructional error the jury would have returned a different verdict." Juarez at 358, 794 S.E.2d at 300.
III. Analysis
Defendant argues the trial court erred in failing to instruct the jury on the lesser-included offense of misdemeanor assault inflicting serious injury, because the court did not hold the pocketknife used by Defendant was a deadly weapon as a matter of law and the State's evidence would support a conviction on that charge. See State v. Tillery , 186 N.C. App. 447, 651 S.E.2d 291 (2007) (holding where the trial court "correctly determined that the jury must decide whether [an item] was a deadly weapon for purposes of a felony assault, the trial court erred in not submitting the lesser included offense of assault inflicting serious injury to the jury"). Defendant further argues, had the trial court given the lesser-included instruction of assault inflicting serious injury, the jury would probably have found Defendant guilty of that offense, because the evidence most clearly establishes that offense due to the weakness of the State's evidence establishing the pocketknife to be a deadly weapon.
Defendant concedes he did not request an instruction on assault inflicting serious injury at trial or object to the lack of such an instruction by the trial court, and thus his claim is reviewed solely for plain error. See State v. Lowe , 150 N.C. App. 682, 685, 564 S.E.2d 313, 315 (2002).
Here, Defendant cannot demonstrate that a fundamental error occurred at trial, because if the court erred, it erred in failing to instruct the jury that the knife used by Defendant to assault Elena was a deadly weapon as a matter of law. The State's evidence established Defendant used a pocketknife with a three-inch blade to stab Elena at least six times during the assault. It is well established, "under the case law of this State, a knife with a three-inch blade constitutes a deadly weapon per se when used as a weapon in an assault." State v. Cox , 11 N.C. App. 377, 380, 181 S.E.2d 205, 207 (1971) (citing State v. Parker , 7 N.C. App. 191, 171 S.E. 2d 665 (1970) ). Accordingly, the trial court should have instructed the jury the knife used by Defendant was a deadly weapon as a matter of law, and an instruction the jury could convict Defendant of the lesser-included offense of misdemeanor assault inflicting serious injury would have been improper. Id. at 380, 181 S.E.2d at 207. Accordingly, we overrule this argument and hold defendant received a fair trial free from prejudicial error.
NO ERROR.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.

The pseudonym "Elena" is used throughout to protect the identity of the victim.