Henderson, Judge.
 

 If the facts stated are true, the Defendant has no cause to complain of the verdict; for although the state of alarm, in which the neighborhood was thrown by the frequent breaking open of out-houses might have palliated the homicide, if the negro had been coming into the yard, it cannot have that
 
 effect
 
 in this case, when it appears he was going out of it. For the law authorizes the killing of one who is in the act of committing a forcible felony, and even one who
 
 appears
 
 to be in the act of doing so, for the purpose of prevention, not by way of punishment. As little grounds has the Defendant to contend, that his object was to arrest the person. In the first place, when an individual commits a homicide upon the ground of making an arrest, he must show a felony committed, if not by the person killed, at least by some one, and secondly, that he made known his object, to-wit, that
 
 it was only to arrest
 
 — that the criminal, or supposed criminal, refused to submit, and that the killing was necessary to make the arrest. Neither can the Defendant object to the charge of the Judge in regard to using dangerous weapons without due care, such as firing the gun in the present case, and causing death, although perhaps not actually intended.
 

 But upon the whole, I am disposed to think this rather an unfortunate than a wicked
 
 case;
 
 for it appears that the whole of it is taken from the Defendant’s free and voluntary statement, and without which, there would have been no evidence against him. I am therefore disposed to think, from what the Defendant said, that there was no actual intent to kill, but only to frighten
 
 ;
 
 but he cer
 
 *63
 
 tainly executed the intent in a careless manner, It is therefore manslaughter.
 

 Per Curiam. — Let the judgment be affirmed.