STATE OF NORTH CAROLINA v. T. C. STEPHENSON

No. 796SC430

(Filed 16 October 1979)

1. **Assault and Battery § 15.7— defense of another—instruction not required**

    The trial court in a felonious assault case did not err in failing to charge the jury on the right of defendant to act in defense of another where defendant's evidence related solely to self-defense and there was no evidence to support defendant's contention that he had reasonable grounds to believe that the victim had committed a felonious assault on a third person.

2. **Assault and Battery § 16.1— felonious assault case—instruction on lesser degree not required**

    In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injuries, the trial court was not required to submit the lesser included offense of assault with a deadly weapon where the evidence tended to show that defendant shot the victim in the right thigh and in the left wrist; the victim's wounds bled extensively, he endured pain and suffering, and he received treatment for his wounds; the victim was out of work for a week; and the bullet is still embedded in his wrist.

**3. Criminal Law § 142.3— restitution as probation condition—supporting evidence**

The evidence supported the court's order requiring defendant, as a condition of his probation for assault with a deadly weapon inflicting serious injury, to pay certain amounts to the victim as restitution for medical expenses, lost wages, and clothing damage.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 19 October 1978 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 19 September 1979.

Defendant was charged in a bill of indictment, proper in form, with the offense of assault with a deadly weapon, to wit, a handgun, with the felonious intent to kill and murder one William Grant, inflicting serious injuries, not resulting in death. Defendant was convicted of the offense of assault with a deadly weapon inflicting serious injury, a violation of G.S. 14-32(b), and was sentenced as follows:

"[I]t is ORDERED that the defendant shall serve an active sentence of SIX (6) MONTHS in the Northampton County Jail as hereinafter set forth and the remainder of the sentence shall be suspended and the defendant placed on supervised probation for FOUR and ONE-HALF (4½) YEARS under the following special conditions:

. . .

(2) That the defendant shall pay into the Office of the Clerk of Superior Court of Northampton County the court costs and the following amounts: $53.00 for Dr. J. A. Fleetwood, Jr.; $78.50 for Roanoke-Chowan Hospital; $19.80 for Roanoke-Chowan Radiology Associates, Inc.; $100.00 for William Grant as restitution for lost wages; and $50.00 to William Grant for damage to his clothing. The defendant further shall pay all reasonable expenses in connection with any operation that is required to remove the bullet from Mr. William Grant's wrist shall this operation take place during the period of probation. Any of the medical expenses paid by Mr. William Grant shall be reimbursed to him."

The State's evidence tended to show that on 2 April 1978, defendant, William Grant, and Helen Parker were at Katy Nazarath's Poolroom. Later, all visited the home of Mrs. Parker.

They listened to music, had a drink or two, and danced. After Mrs. Parker had left the room, defendant grabbed Grant and accused him of pulling Mrs. Parker and twisting her arm. Defendant then shot Grant in his right thigh and left wrist. Grant testified that he did not have a weapon at any time.

On rebuttal, Deputy Sumner testified that on 3 April 1978, defendant told him and Officer Lassiter that someone had stolen the pistol; minutes later, he told them the pistol was in his truck and turned the gun over to Officer Lassiter. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney David Gordon, for the State.*

*Satisky & Silverstein, by John M. Silverstein, for defendant appellant.*

ERWIN, Judge.

Defendant contends that the trial court committed prejudicial error warranting a new trial in three events: (1) by failing to charge the jury on the right of defendant to act in defense of another when the evidence presented at trial warranted such instruction; (2) by failing to charge the jury on the lesser included offense of assault with a deadly weapon when the evidence presented at trial warranted such instruction; and (3) by imposing an invalid condition of probation on defendant, in that he was required to make restoration for amounts unsupported by the evidence. After careful consideration of the record, we find no prejudicial error in defendant's trial.

### Defense of Another

[1]   Our Supreme Court held in the case of *State v. Hornbuckle*, 265 N.C. 312, 315, 144 S.E. 2d 12, 14 (1965):

"The law with respect to the right of a private citizen to interfere with another to prevent a felonious assault upon a third person is well stated in *S. v. Robinson*, 213 N.C. 273, 195 S.E. 824, where Winborne, J., later C.J., said: 'If the defendant * * * had a well-grounded belief that a felonious assault was about to be committed on * * * (another), he had the right and it was his duty as a private citizen to interfere to prevent the supposed crime. The principal of law is well

State v. Stephenson

settled in this State. *S. v. Rutherford,* 8 N.C. 457; *S. v. Roane,* 13 N.C. 58; *S. v. Clark,* 134 N.C. 698, 47 S.E. 36.

'The failure of the court to instruct the jury on substantive features of the case arising on the evidence is prejudicial error. This is true even though there is no special prayer for instructions to that effect. *S. v. Merrick,* 171 N.C. 788, 88 S.E. 501; *S. v. Bost, supra* (189 N.C. 639, 127 S.E. 689); *S. v. Thornton, supra* (211 N.C. 413, 190 S.E. 758); *School Dist. v. Alamance County,* 211 N.C. 213, 189 S.E. 873.' "

The question becomes: Does the evidence in the record show that Grant committed a felonious assault on Mrs. Parker or that defendant had reasonable grounds to believe that he would commit such an assault? We do not find such evidence.

Defendant testified:

"Mr. Grant had grabbed Mrs. Parker, was trying to get her inside the bedroom. He reached up at the top of her blouse and just pulled all of it down. When he tore the blouse off, I went there and told him to come out and go on home. He cursed me and started pushing on me. He told me he wasn't going home and wasn't going to do this and that and ran his hand in his pocket and pulled out his knife. I grabbed him by his right hand and reached back in the drawer and pulled out the gun and shot him through the wrist. *I did that in self-defense to keep him from cutting me.* I shot him again because after I shot the first time he dropped his hand and didn't even know the shot was fired. He didn't act like he was paying any attention at all and he kind of eased back a little bit and said that he would fix me. Then I just shot him the second time. After I shot him the second time, he said everything was all right and he left and went out to his car." (Emphasis added.)

In the instant case, there is not any evidence to support defendant's contention that he had reasonable grounds to believe that a felonious assault had been committed on Mrs. Parker. His testimony relates solely to self-defense. The trial court was not required to instruct the jury on the issue of defense of a third person. *State v. Moses,* 17 N.C. App. 115, 193 S.E. 2d 288 (1972). We find this assignment of error to be without merit.

## Lesser Included Offense

[2]  Defendant contends that the trial court must declare and explain the law arising on the evidence.

The evidence shows: that defendant shot the prosecuting witness twice, once in the right thigh and once in the left wrist; that the victim's wounds bled extensively; that he endured pain and suffering; that he received treatment for his wounds; that he was out of work for a week; and that the bullet is still embedded in his wrist. We hold the instructions given were correct and proper. The necessity for instructing the jury as to an included offense of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included lesser offense was committed. The presence of such evidence is the determinative factor. In the case *sub judice*, we do not find sufficient evidence to warrant a charge on the offense of assault with a deadly weapon. *See State v. Williams*, 31 N.C. App. 111, 228 S.E. 2d 668, *dis. rev. denied*, 291 N.C. 450, 230 S.E. 2d 767 (1976); *State v. Turner*, 21 N.C. App. 608, 205 S.E. 2d 628, *appeal dismissed*, 285 N.C. 668, 207 S.E. 2d 751 (1974).

## Condition of Probation

[3]  G.S. 15A-1343(b)(6) provides in pertinent part:

"(b) Appropriate Conditions. — When placing a defendant on probation, the court may, as a condition of the probation, require that during the period of probation the defendant comply with one or more of the following conditions:

\*     \*     \*

(6) Make restitution or reparation for loss or injury resulting from the crime for which the defendant is convicted. When restitution or reparation is a condition of the sentence, the amount must be limited to that supported by the evidence."

Defendant contends there was no documentation introduced in evidence as to the loss to Grant resulting from the offense for which defendant was convicted. The statutes do not require the amount in question to be documented. The record shows that the exhibits relating to Grant's bill were marked for identification during the course of the trial. These exhibits were available for

the judge to consider in sentencing defendant. The amount in question appears to be reasonable. The record does not show that defendant objected to the entry of this portion of the judgment nor did he question the amount, but in preparing his record on appeal, he entered an exception in the record. This Court held as follows in *State v. Killian,* 37 N.C. App. 234, 238, 245 S.E. 2d 812, 815-16 (1978):

> "Together the two statutes require that any order or recommendation of the sentencing court for restitution or restoration to the aggrieved party as a condition of attaining work-release privileges must be supported by the evidence. The purpose of the provisions is rehabilitation and not additional penalty or punishment, and the sum ordered or recommended must be reasonably related to the damages incurred. If the trial evidence does not support the amount ordered or recommended, then supporting evidence should be required in the sentencing hearing. In the case *sub judice*, there was evidence that the Anderson Dula home was 'totally ransacked', dresser drawers were broken, and a gun and hunting knife were not recovered. We find that the evidence supports the restitution amount of $500.00 as found by the court."

We find no prejudicial error in the trial of the defendant, and the judgment entered was proper in all respects.

No error.

Judges VAUGHN and HILL concur.