STATE OF NORTH CAROLINA v. BILLY LEVON OWENS

No. 8313SC227

(Filed 15 November 1983)

**1. Homicide § 21.7— second degree murder—sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for second degree murder where it tended to show that defendant threw a cigarette butt at the victim and the victim threw it back; defendant verbally threatened the victim and then shot him; the victim was unarmed; and defendant had not been threatened or assaulted by the victim.

**2. Assault and Battery § 14.2— felonious assault with deadly weapon—sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for felonious assault with a deadly weapon where it tended to show that defendant shot the victim in the right forearm and that the victim received medical treatment at a nearby hospital. G.S. 14-32.

**3. Criminal Law § 113.5— sufficiency of charge on alibi**

The trial judge summarized defendant's alibi evidence to the extent necessary to apply the law thereto when he instructed that defendant was contending he was not present at the time of the crime and explained the law applicable if the jury believed defendant's alibi testimony.

**4. Homicide § 30.2— second degree murder case—instruction on voluntary manslaughter not required**

Evidence in a second degree murder case that the victim threw a cigarette butt at defendant did not permit a finding that defendant acted in the heat of passion resulting from a sudden provocation so as to require the trial court to submit voluntary manslaughter as a possible verdict.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 16 September 1982 in COLUMBUS County Superior Court. Heard in the Court of Appeals 26 October 1983.

Defendant Billy Levon Owens was charged with the second-degree murder of Ronnie Dale Nance and felonious assault with a deadly weapon upon Alton Lynn Williamson, at the Red Barn nightclub in Columbus County on 9 January 1982.

Evidence for the state tended to show the following events. About midnight on 9 January 1982, defendant, Nance, Williamson and others were in the parking lot of the Red Barn nightclub. Defendant threw a cigarette butt at Nance and Nance threw it back. Defendant verbally threatened Nance and Williamson and

then shot both of them. Nance was hit in the chest and died of his injuries. Williamson was shot in the right forearm and received medical treatment at a nearby hospital.

Evidence for the defense tended to show that defendant and some friends went to the Red Barn about 8:30 p.m. on 9 January 1982, where they stayed until about 10:00 p.m. Defendant and his friends then left the nightclub and returned to Dillon, South Carolina, where they lived. Defendant was not carrying any weapons, had no arguments with anyone that night and had never met Nance or Williamson.

Following a three-day jury trial, defendant was convicted of second-degree murder and assault with a deadly weapon inflicting serious injury. Defendant was sentenced to a total of thirty-three years in prison for the offenses. From entry of judgment on the verdicts, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Sessoms and Williamson, by William J. Williamson, and Soles and Phipps, by R. C. Soles, Jr., for defendant.*

WELLS, Judge.

In his first assignment of error, defendant argues the trial judge erred in failing to grant his motion to dismiss at the close of the evidence. A motion to dismiss tests the sufficiency of the evidence to go to the jury and is properly denied if there is substantial evidence of all material elements of the offense charged. *State v. Powell,* 299 N.C. 95, 261 S.E. 2d 114 (1980). The evidence is considered in the light most favorable to the state, giving it the benefit of all reasonable inferences which can be drawn from the evidence. *Id.*

[1] In the case at bar, the evidence taken in the light most favorable to the state was clearly sufficient to go to the jury on the issue of second-degree murder and assault with a deadly weapon. Second-degree murder is the unlawful killing of a human being with malice, but without premeditation or deliberation. *State v. Wilkerson,* 295 N.C. 559, 247 S.E. 2d 905 (1976). Malice can be proven by conduct evincing reckless or wanton disregard

for human life. *Id.* In the case at bar, there was evidence that defendant was armed and the victims were not, and that defendant was the aggressor and had not been threatened or assaulted by the victims. This is sufficient evidence of malice to go to the jury.

[2] Felonious assault with a deadly weapon under G.S. § 14-32 can be shown by evidence of assault with a deadly weapon with intent to kill inflicting serious injury or an assault with a deadly weapon without intent to kill inflicting serious injury. The evidence in the case at bar clearly indicates that a deadly weapon — a gun — was used against Williamson, and that Williamson was wounded in the right arm. This raises sufficient evidence of a serious injury to go to the jury. Defendant's assignment of error is overruled.

[3] Defendant next argues that the trial judge erred by failing to summarize the evidence supporting defendant's alibi defense. A trial judge need only summarize the evidence to the extent necessary to apply the law relevant to the case. *State v. Alston*, 294 N.C. 577, 243 S.E. 2d 354 (1978), G.S. § 15A-1232. The trial judge in this case correctly instructed the jury that defendant was contending he was not present at the time of the fatal shooting, and explained the law applicable if they believed defendant's alibi testimony. This assignment of error is overruled.

[4] In his third assignment of error, defendant contends that the trial judge erred by failing to submit voluntary manslaughter as a possible verdict. Voluntary manslaughter is a lesser included offense of second-degree murder, *State v. Holcomb*, 295 N.C. 608, 247 S.E. 2d 888 (1978), and where there is some evidence of a lesser included offense, the trial judge must submit the issue to the jury even without a request by defendant. *State v. Oxendine*, 305 N.C. 126, 286 S.E. 2d 546 (1982). We hold, however, that there was insufficient evidence of voluntary manslaughter presented at trial to warrant an instruction on this offense. Evidence of voluntary manslaughter may be raised by testimony showing defendant acted in the heat of passion resulting from a sudden provocation or that he used excessive force in self-defense. *State v. Ferrell*, 300 N.C. 157, 265 S.E. 2d 210 (1980). There was no evidence in the case at bar that defendant acted in self-defense. Defendant argues, however, that the state's evidence indicates Nance threw

a cigarette butt at him before the shooting, raising the issue of provocation and requiring a jury instruction on voluntary manslaughter. We disagree. The law requires a showing of strong provocation before it will grant a defendant who is charged with second-degree murder a jury instruction on the lesser included offense of voluntary manslaughter. For example, mere insulting words do not constitute sufficient provocation. *State v. Watson,* 287 N.C. 147, 214 S.E. 2d 85 (1975). Generally, there must be an assault or threatened assault to create the level of provocation required. *Id. See also State v. Williams,* 296 N.C. 693, 252 S.E. 2d 739 (1979); *State v. Spicer,* 50 N.C. App. 214, 273 S.E. 2d 521, *app. dismissed,* 302 N.C. 401, 279 S.E. 2d 356 (1981). We hold that evidence that Nance threw a cigarette butt at defendant does not rise to the level of serious provocation required. *Accord,* 40 Am. Jur. 2d 29, Homicide, § 62 (1968 & 1983 Supp.).

In his fourth assignment of error, defendant argues that the trial judge should have submitted a jury instruction on misdemeanor assault with a deadly weapon, under G.S. § 14-33 as well as the charge of felonious assault with a deadly weapon, under G.S. § 14-32. Misdemeanor assault with a deadly weapon is a lesser included offense of felonious assault with a deadly weapon, *State v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633 (1965).

An examination of the record shows, however, that the error was the failure of the trial judge to submit a possible verdict of misdemeanor assault to the jury, with proper instructions. In North Carolina, a trial judge must submit lesser included offenses as possible verdicts, even in the absence of a request by the defendant, where sufficient evidence of the lesser offense is presented at trial. *State v. Weaver, supra,* citing *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954) (assault with a deadly weapon a lesser included offense of robbery). *See also State v. Oxendine, supra* (1982) (voluntary manslaughter a lesser included offense of second-degree murder). (Many other jurisdictions require a defendant to request a jury instruction on lesser included offenses. *See generally* 75 Am. Jur. 2d "Trial" § 877 (1974 & 1983 Supp.).)

We hold that in the case at bar, sufficient evidence was presented to require the trial judge to submit misdemeanor assault as a possible verdict to the jury. The primary distinction between felonious assault under G.S. § 14-32 and misdemeanor assault under G.S. § 14-33 is that a conviction of felonious assault

requires a showing that a deadly weapon was used *and* serious injury resulted, while if the evidence shows that only one of the two elements was present, i.e., that *either* a deadly weapon was used *or* serious injury resulted, the offense is punishable only as a misdemeanor. In the case at bar, it is clear that a deadly weapon was used against Williamson. Thus, if there was some evidence that Williamson's injury was not serious, a verdict of misdemeanor assault should have been submitted to the jury. A judge may instruct a jury that an injury is serious as a matter of law where ". . . the evidence is not conflicting and is such that reasonable minds could not differ as to the serious nature of the injuries inflicted." *State v. Pettiford,* 60 N.C. App. 92, 298 S.E. 2d 389 (1982). Factors our courts consider in determining if an injury is serious include pain, loss of blood, hospitalization and time lost from work. *See e.g., State v. Pettiford, supra; State v. Stephenson,* 43 N.C. App. 323, 258 S.E. 2d 806 (1979), *pet. for disc. rev. denied,* 299 N.C. 124, 262 S.E. 2d 8 (1980).

In the case before us, however, the record states only that Williamson was treated at a hospital for about three hours. There was no evidence as to the degree of injury to Williamson, either immediate or residual. Such evidence does not warrant an instruction that the wound was serious as a matter of law, since reasonable minds could differ on the issue. Thus, the question was for the jury and defendant must receive a new trial as to the assault charge.

It is not disputed that at the time of sentencing, defendant was seventeen years old. Both parties note and we agree, that the trial judge erred in failing to determine whether defendant would benefit from being sentenced as a committed youthful offender as required under G.S. § 148-49.14, and G.S. § 15A-1340.4(a) for defendants under the age of twenty-one. Under these circumstances, the case must be remanded for resentencing.[1]

As to the assault charge

---

1. We also note that in passing sentence, the trial judge found as an aggravating factor, the fact that defendant was armed with a deadly weapon at the time of the crime. This was error. Since use of a deadly weapon is an element of the crime of felonious assault, it may not also be considered as a factor in aggravation. *State v. Hammonds,* 61 N.C. App. 615, 301 S.E. 2d 457 (1983).

New trial.

As to the charge of second-degree murder

No error.

Remanded for resentencing.

Chief Judge VAUGHN and Judge JOHNSON concur.