An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-765

NORTH CAROLINA COURT OF APPEALS

Filed:  20 May 2014

STATE OF NORTH CAROLINA

v.

Halifax County
Nos. 11 CRS 054905-06, 054968

DAQUAN SHERROD PITTMAN


Appeal by defendant from judgments entered 2 May 2012 by Judge Cy A. Grant in Halifax County Superior Court.  Heard in the Court of Appeals 21 November 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General M. Elizabeth Guzman, for the State.*
>
> *William D. Spence, for Defendant.*


ERVIN, Judge.


Defendant Daquan Sherrod Pittman appeals from judgments sentencing him to a term of 83 to 109 months imprisonment based upon his conviction for assaulting Clarence Whitaker with a deadly weapon with the intent to kill inflicting serious injury, to a consecutive term of 29 to 44 months imprisonment based upon his conviction for assaulting Antonio Holiday with a deadly weapon inflicting serious injury, and to a consecutive term of

14 to 17 months imprisonment based upon his conviction for possession of a firearm by a convicted felon. On appeal, Defendant contends that (1) the trial court erred by failing to dismiss the charge that he feloniously assaulted Mr. Whitaker on the grounds that the record did not contain sufficient evidence to show that he intended to kill him and, in the alternative, that his trial counsel provided him with constitutionally deficient representation by failing to seek the dismissal of the charge in question on that basis; (2) the trial court erred by failing to dismiss the charge that he feloniously assaulted Mr. Holiday on the grounds that the record did not contain sufficient evidence that he inflicted a serious injury upon Mr. Holiday, and, in the alternative, that his trial counsel provided him with constitutionally deficient representation by failing to seek the dismissal of the charge in question on that basis; and (3) the trial court erred by excluding certain individuals from the courtroom during the testimony of a particular witness. After careful consideration of Defendant's challenges to the trial court's judgments in light of the record and the applicable law, we conclude that the trial court's judgments should remain undisturbed.

## I. Factual Background

### A. Substantive Facts

Shawanda Themes went to school with Defendant, to whom she is related. Ms. Themes would see Defendant every weekend at the home of Edward Moody. Ms. Themes celebrated her birthday on 4 November 2011 by having a party, which started at 7:00 p.m., at Mr. Moody's residence. About forty individuals, most of whom Ms. Themes knew, attended the party, with approximately twenty of the attendees having been on the front porch when the events that underlie this case occurred.

Mr. Holiday and Mr. Whitaker arrived at the party at approximately 11:00 p.m. Mr. Whitaker's sister, Keosha, who had known Defendant for several years, was already at the party at the time that her brother arrived. Although he did not come to Mr. Moody's residence with Mr. Holiday and Mr. Whitaker, Defendant's appearance at the party coincided with their arrival.

After they reached Mr. Moody's residence, Mr. Whitaker and Mr. Holiday entered the interior of the structure and remained there for a brief period of time. During that time, Ms. Themes and Ms. Whitaker were talking in the front hallway. After speaking with Ms. Themes, Ms. Whitaker went to the porch. Shortly thereafter, Mr. Holiday and Mr. Whitaker exited the home. As they did so, Defendant came outside, pulled a black handgun from his pants, and fired several shots in their

direction. Ms. Themes and Ms. Whitaker did not see anyone other than Defendant with a firearm that night.

After the shots were fired, Ms. Whitaker ran inside the house. Mr. Whitaker, however, jumped off the front porch and fell down. Mr. Whitaker did not see who shot him because he had been attacked from behind. According to Mr. Whitaker, neither he nor Mr. Holiday had any sort of disagreement with Defendant prior to the shooting. Although Defendant ran into the woods after shooting Mr. Whitaker and Mr. Holiday, he returned a few minutes later and inquired about what had occurred before leaving the area.

After receiving a call about the shootings at around 1:32 a.m., Detective Obert Wiltsie of the Halifax County Sheriff's Office went to Halifax Community Hospital, where he spoke with Mr. Whitaker and other witnesses. Following his departure from the hospital, Detective Wiltsie went to Mr. Moody's home, where Mr. Moody informed him that no one would speak with investigating officers given their fear of Defendant. Although investigating officers were able to find shell casings that had been fired from a handgun, they did not find any blood at or around Mr. Moody's residence.

As a result of the shooting, Mr. Whitaker was hospitalized for two days. Although he sustained seven gunshot wounds,

including wounds in his shoulder, hip, thigh, back, and groin, Mr. Whitaker claimed that he did not feel anything as the bullets struck him.[1]  As a result of his injuries, Mr. Whitaker has struggled with sexual intimacy and owes a $30,000 hospital bill.  Similarly, Mr. Holiday sustained a gunshot wound to his right thigh and received treatment for his injuries.

### B. Procedural Facts

Warrants for arrest charging Defendant with assaulting Mr. Whitaker and Mr. Holiday with a deadly weapon with the intent to kill inflicting serious injury were issued on 5 November 2011. A warrant for arrest charging Defendant with possession of a firearm by a felon was issued on 10 November 2011.  On 9 January 2012, the Halifax County grand jury returned bills of indictment charging Defendant with assaulting Mr. Whitaker and Mr. Holiday with a deadly weapon with the intent to kill inflicting serious injury and possession of a firearm by a felon.

The charges against Defendant came on for trial before the trial court and a jury at the 1 May 2012 criminal session of the Halifax County Superior Court.  On 2 May 2012, the jury returned verdicts convicting Defendant of assaulting Mr. Whitaker with a deadly weapon with the intent to kill inflicting serious injury,

---

[1]Mr. Whitaker acknowledged that the only reason that he agreed to testify for the State at Defendant's trial was his understanding that he would go to jail if he declined to do so.

assaulting Mr. Holiday with a deadly weapon inflicting serious injury, and possession of a firearm by a felon. At the conclusion of the ensuing sentencing hearing, the trial court entered judgments sentencing Defendant to a term of 83 to 109 months imprisonment based upon his conviction for assaulting Mr. Whitaker with a deadly weapon with the intent to kill inflicting serious injury, to a consecutive term of 29 to 44 months imprisonment based upon his conviction for assaulting Mr. Holiday with a deadly weapon inflicting serious bodily injury, and to a consecutive term of 14 to 17 months imprisonment based upon his conviction for possession of a firearm by a felon. On 17 January 2013, this Court granted Defendant's petition for the issuance of a writ of *certiorari* authorizing review of the trial court's judgment.

## II. Legal Analysis

### A. Assault Upon Mr. Whitaker

### 1. Sufficiency of the Evidence

In his initial challenge to the trial court's judgments, Defendant contends that the trial court erred by allowing the jury to consider the issue of his guilt of assaulting Mr. Whitaker with a deadly weapon inflicting serious injury on the grounds that the record did not contain sufficient evidence to permit a reasonable jury to determine that he intended to kill

Mr. Whitaker. Defendant has not, however, properly preserved this contention for purposes of appellate review. As a result, we decline to reach the merits of this aspect of Defendant's challenge to the trial court's judgments.

N.C.R. App. P. 10(a)(3) provides that, "[i]n a criminal case, a defendant may not make insufficiency of the evidence to prove the crime charged the basis of an issue presented on appeal unless a motion to dismiss the action, or for judgment as in case of nonsuit, is made at trial." In his brief, Defendant acknowledges that, although he made a motion to dismiss the felonious assault charge at the end of the State's evidence, he simply failed to renew that motion "at the close of all the evidence." A close examination of the record clearly establishes, however, that Defendant never made a motion to dismiss the case in which he was charged with feloniously assaulting Mr. Whitaker at all. Instead, Defendant specifically limited the dismissal motion that he made at the conclusion of the State's evidence to the charge that he feloniously assaulted Mr. Holiday. As a result, Defendant failed to preserve his challenge to the sufficiency of the evidence to support his conviction for feloniously assaulting Mr. Whitaker for purposes of appellate review.

In order to rectify the difficulties created by his failure to properly preserve this issue for appellate review, Defendant initially contends that this Court should review his challenge to the sufficiency of the evidence to support his conviction for feloniously assaulting Mr. Whitaker for plain error. According to well-established North Carolina law, plain error review is only available with respect to issues arising from "instructions to the jury and evidentiary matters." *State v. Greene*, 351 N.C. 562, 566, 528 S.E.2d 575, 578, *cert. denied*, 531 U.S. 1041, 121 S. Ct. 635, 148 L. Ed. 2d 543 (2000). As a result of the fact that Defendant's challenge to the sufficiency of the evidence to support his conviction for feloniously assaulting Mr. Whitaker does not fall into either of these categories, plain error review is not available in this instance.

Secondly, Defendant contends that we should reach the merits of his challenge to the sufficiency of the evidence to support his conviction for feloniously assaulting Mr. Whitaker on the basis of our authority to waive the requirements of the North Carolina Rules of Appellate Procedure pursuant to N.C.R. App. P. 2, which "permits the appellate courts to excuse a party's default in both civil and criminal appeals when necessary to 'prevent manifest injustice to a party' or to 'expedite decision in the public interest.'" *Dogwood Dev. and*

*Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008) (quoting N.C.R. App. P. 2). "While it is certainly true that [N.C.R. App. P.] 2 has been and may be so applied in the discretion of the Court, we reaffirm that [N.C.R. App. P.] 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court and only in such instances." *Steingress v. Steingress*, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999) (citing *Blumenthal v. Lynch*, 315 N.C. 571, 578, 340 S.E.2d 358, 362 (1986)). For reasons which will be set forth in more detail in the course of our discussion of his related ineffective assistance of counsel claim, Defendant has failed to demonstrate that there is anything exceptional about this case or that a failure to address his challenge to the sufficiency of the evidence to support his conviction for feloniously assaulting Mr. Whitaker would work a manifest injustice, rendering this case very different from the cases in which we have invoked our authority under N.C.R. App. P. 2 to review otherwise defaulted issues on the merits in criminal cases. *See State v. Gayton-Barbosa*, 197 N.C. App. 129, 135, 676 S.E.2d 586, 590 (2009) (stating that "it is difficult to contemplate a more 'manifest injustice' to a convicted defendant than that which

would result from sustaining a conviction that lacked adequate evidentiary support"); *State v. Batchelor*, 190 N.C. App. 369, 378-79, 660 S.E.2d 158, 164 (2008) (holding that, "[i]f we [did] not review the issue of the sufficiency of the evidence in the present case, [the defendant] would [have] remain[ed] imprisoned for a crime that the State did not prove beyond a reasonable doubt"). As a result, we decline, in the exercise of our discretion, to review Defendant's challenge to the sufficiency of the evidence to support his conviction for feloniously assaulting Mr. Whitaker on the merits based on the authority available to us pursuant to N.C.R. App. P. 2.

### 2. Ineffective Assistance of Counsel

In the alternative, Defendant contends that he is entitled to a new trial on ineffective assistance of counsel grounds based upon his trial counsel's failure to make a motion to dismiss the charge that he had assaulted Mr. Whitaker with a deadly weapon with the intent to kill inflicting serious injury for insufficiency of the evidence. More specifically, Defendant contends that his trial counsel's failure to move to dismiss the case in which he was charged with feloniously assaulting Mr. Whitaker could not have been motivated by any conceivable strategic or tactical consideration and that, had his trial counsel made such a dismissal motion, the trial court would have

probably granted it. We do not find Defendant's argument persuasive.

> To establish ineffective assistance of counsel, defendant must satisfy a two-prong test . . . . Under this two-prong test, the defendant must first show that counsel's performance fell below an objective standard of reasonableness as defined by professional norms. This means that defendant must show that his attorney made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, once defendant satisfies the first prong, he must show that the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error.

*State v. Lee*, 348 N.C. 474, 491, 501 S.E.2d 334, 345 (1998) (citing *Strickland v. Washington*, 466 U.S. 668, 695, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698 (1984)) (quoting *State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985)) (citations and quotation marks omitted). An ineffective assistance of counsel "claim[] brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001), *cert. denied*, 535 U.S. 1114, 122 S. Ct. 2332, 153 L. Ed. 2d 162 (2002). A defendant is not entitled to appellate relief on

ineffective assistance of counsel grounds stemming from the failure of his or her trial counsel to make a dismissal motion in the event that the record contains sufficient evidence to support the jury's verdict. *See State v. Fraley*, 202 N.C. App. 457, 467, 688 S.E.2d 778, 786, (holding that, "if the evidence is sufficient to support a conviction, the defendant is not prejudiced by his counsel's failure to make a motion to dismiss at the close of all the evidence"), *disc. review denied*, 364 N.C. 243, 698 S.E.2d 660 (2010). As a result of our conclusion that any dismissal motion that Defendant might have made would and should have been denied, we believe that we are in a position to adequately address and resolve Defendant's ineffective assistance of counsel claim on direct appeal.

"When a defendant moves to dismiss based on insufficiency of the evidence, the trial court must determine whether there is substantial evidence (1) of each element of the crime charged and (2) that the defendant is the perpetrator." *State v. Liggons*, 194 N.C. App. 734, 738, 670 S.E.2d 333, 337 (2009).

> Substantial evidence is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion. In this determination, all evidence is considered in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence. The defendant's evidence, unless favorable to the State, is not to be taken

> into consideration, except when it is consistent with the State's evidence, the defendant's evidence may be used to explain or clarify that offered by the State. Additionally, a substantial evidence inquiry examines the sufficiency of the evidence presented *but not its weight*, which is a matter for the jury. Thus, if there is substantial evidence--whether direct, circumstantial, or both--to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.

*State v. Abshire*, 363 N.C. 322, 328, 677 S.E.2d 444, 449 (2009) (citations and quotation marks omitted). We will now utilize this standard of review to evaluate the validity of Defendant's ineffective assistance of counsel claim.

According to N.C. Gen. Stat. § 14-32(a), "[a]ny person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury shall be punished as a Class C felon." "Proof of an assault with a deadly weapon inflicting serious injury not resulting in death does not, as a matter of law, establish a presumption of intent to kill." *State v. Thacker*, 281 N.C. 447, 455, 189 S.E.2d 145, 150 (1972), *disapproved on other grounds in North Carolina v. Butler*, 441 U.S. 369, 372-73, 99 S. Ct. 1755, 1757, 60 L. Ed. 2d 286, 291-92 (1979). Instead, the necessary intent to kill must be established by the State's evidence, which will usually be circumstantial in nature. *Liggons*, 194 N.C. App. at 739, 670

S.E.2d at 337. "[T]he nature of the assault, the manner in which it was made, the weapon, if any, used, and the surrounding circumstances are all matters from which an intent to kill may be inferred." *State v. White*, 307 N.C. 42, 49, 296 S.E.2d 267, 271 (1982).

In support of his contention that the record was insufficient to support his conviction for feloniously assaulting Mr. Whitaker, Defendant points to evidence tending to show that there had not been any prior ill will or difficulties between Mr. Whitaker and himself and that he had not argued with Mr. Whitaker prior to the assault. Defendant's argument is, however, too narrowly focused given our responsibility to consider all of "the surrounding circumstances," which indicate that Defendant aimed a deadly weapon at Mr. Whitaker and fired seven shots in his direction at a reasonably close range. *Id.* As a result of our belief that Defendant's conduct sufficed to support an inference that he intended to kill Mr. Whitaker, any dismissal motion that his trial counsel might have made would and should have been denied. Thus, Defendant is not entitled to relief from his conviction for feloniously assaulting Mr. Whitaker on ineffective assistance of counsel grounds.

## B. Assault Upon Mr. Holiday

Secondly, Defendant contends that the trial court erred by denying his motion to dismiss the charge that he had assaulted Mr. Holiday with a deadly weapon and inflicted serious injury on the grounds that the record did not contain sufficient evidence to establish that Mr. Holiday had sustained a serious injury.[2] In the alternative, Defendant contends that he received constitutionally deficient representation given the decision by his trial counsel to limit the scope of the dismissal motion advanced on Defendant's behalf at trial to a single element of the crime charged. We do not find either of Defendant's arguments persuasive.

According to well-established North Carolina law, "[a] party may not present arguments on appeal that were not presented before the trial court." *Dalenko v. Peden Gen. Contractors., Inc.*, 197 N.C. App. 115, 124, 676 S.E.2d 625, 632 (2009), *appeal dismissed*, 363 N.C. 801, 690 S.E.2d 534, *and cert. denied*, 363 N.C. 854, 694 S.E.2d 202 (2010). Although

---

[2]In his brief, Defendant candidly acknowledges the limited nature of the dismissal motion that he made in the trial court in connection with the case in which he was charged with feloniously assaulting Mr. Holiday and seeks to have us review the sufficiency of the evidence to support a determination that Mr. Holiday sustained a serious injury on plain error grounds. As a result of the fact that plain error review is only available for the purpose of addressing alleged evidentiary or instructional errors, *Greene*, 351 N.C. at 566, 528 S.E.2d at 578, we are not authorized to review Defendant's sufficiency of the evidence challenge to his conviction for feloniously assaulting Mr. Holiday using a plain error standard of review.

Defendant did seek to obtain the dismissal of the felonious assault charge that had been lodged against him in connection with the shooting of Mr. Holiday, he did not argue in support of that motion that the State had failed to adduce sufficient evidence to support a determination that Mr. Holiday had sustained a serious injury and simply argued, instead, that the record did not contain sufficient evidence to show that Defendant intended to kill Mr. Holiday. As a result, Defendant did not preserve his right to challenge the sufficiency of the evidence to support a finding that Mr. Holiday sustained a serious injury as a result of the assault that was inflicted on him by Defendant. *See State v. Sharpe*, 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)) (holding that, "where a theory argued on appeal was not raised before the trial court, 'the law does not permit parties to swap horses between courts in order to get a better mount'" on appeal).

In addition to challenging the trial court's refusal to dismiss the charge that he feloniously assaulted Mr. Holiday on its own motion, Defendant also argues that his trial counsel's failure to challenge the sufficiency of the evidence to establish that he inflicted a serious injury upon Mr. Holiday in the course of making his dismissal motion constituted

constitutionally deficient representation entitling him to relief on ineffective assistance of counsel grounds. In order to appropriately address this contention, we must, for the reasons set forth above, consider the merits of Defendant's challenge to the sufficiency of the evidence to support the jury's finding that he seriously injured Mr. Holiday.

An injury sufficient to support a conviction for felonious assault in violation of N.C. Gen. Stat. § 14-32(a) "must be serious but it must fall short of causing death." *State v. Jones*, 258 N.C. 89, 91, 128 S.E.2d 1, 3 (1962). "Whether such serious injury has been inflicted must be determined according to the particular facts of each case." *Id.* "Factors our courts consider in determining if an injury is serious include pain, loss of blood, hospitalization and time lost from work." *State v. Owens*, 65 N.C. App. 107, 111, 308 S.E.2d 494, 498 (1983). Ultimately, however, a determination of the extent to which an injury is "serious" for purposes of N.C. Gen. Stat. § 14-32(a) hinges upon a consideration of the totality of the relevant facts, with the Supreme Court having specifically stated that the adoption of a definition of "serious injury" more detailed than a "physical or bodily injury resulting from an assault with a deadly weapon with intent to kill" that "must be serious but .

. . fall short of causing death" "seems neither wise nor desirable." *Jones*, 258 N.C. at 91, 128 S.E.2d at 3.

The only evidence in the present record concerning the extent of Mr. Holiday's injuries was contained in the testimony of Mr. Holiday and the testimony of the physician who treated him after his arrival at the hospital. On the one hand, Mr. Holiday testified that he was shot in the leg, that he felt a little sting at the time of the shooting, and that he stayed in the hospital for one day after having been injured. Although Mr. Holiday received pain medication during his time in the hospital, he did not receive any stitches or have his wound bandaged. In spite of the fact that Mr. Holiday denied having had any ongoing medical problems stemming from the shooting, he did plan to have the bullet removed in the future. Aside from the presence of the bullet in his leg, the only residual injury that Mr. Holiday claimed to have had as a result of the shooting was a scar.

On the other hand, Dr. Dawd Siraj testified that he had treated Mr. Holiday following his arrival at Halifax Community Hospital, where he presented himself with a "very painful right thigh." At that time, Dr. Siraj noticed that Mr. Holiday's right thigh was very swollen and that no exit wound could be detected. Although blood was present in the wound itself, Dr.

Siraj did not observe any active bleeding. After reviewing an x-ray of Mr. Holiday's leg, Dr. Siraj determined that the bullet was lodged close to Mr. Holiday's bone and that there was no observable fracture. At the time that Mr. Holiday left the hospital for transportation to Pitt County Memorial for the purpose of receiving treatment that was not available at Halifax Community Hospital, Dr. Siraj gave Mr. Holiday an injection of Demerol, which is a high-level painkiller, to dull the in-transit pain.[3]

In attempting to persuade us that the record did not suffice to support a determination that Mr. Holiday sustained a serious injury as that term is used in N.C. Gen. Stat. § 14-32(a) as a result of the shooting, Defendant notes that the record did not contain any evidence of blood loss, that Mr. Holiday's hospital stay was relatively brief, that Mr. Holiday did not receive extensive treatment for his gunshot wound, and that Mr. Holiday denied having been in pain. Although the

---

[3]In addition, Dr. Siraj testified that Mr. Holiday rated his pain at ten on a scale from one to ten. However, in describing the manner in which a patient should provide pain scale information, Dr. Siraj stated he would tell an individual who had not suffered a gunshot wound that "ten would be a gunshot wound and zero would be none." Although the record does not clearly indicate that Dr. Siraj used this description in the course of explaining the pain scale to Mr. Holiday, this statement does limit the usefulness of the pain scale results for evaluating the extent of the injury that Mr. Holiday sustained.

evidence upon which Defendant relies does appear in the record, the record also contains substantial additional testimony tending to support a contrary determination. As an initial matter, Mr. Holiday's claim that he was not in pain to the contrary notwithstanding, the record contains evidence tending to show that he presented himself for treatment by Dr. Siraj with a painful leg wound, that Mr. Holiday described the pain that he was experiencing as at the top of a one to ten pain scale, and that Dr. Siraj believed that he should prescribe a powerful medication to alleviate Mr. Holiday's pain. In addition, the record contains evidence tending to show that Mr. Holiday remained hospitalized for a day, that his injuries were sufficient to necessitate his transfer to another facility, that the bullet fired by Defendant remained in Mr. Holiday's leg at a point close to the bone, that Mr. Holiday wished to have the bullet surgically removed, and that there was residual scarring at the wound site. We believe that this evidence, when considered in the light most favorable to the State, sufficed to support a determination that Defendant inflicted a serious injury upon Mr. Holiday for purposes of N.C. Gen. Stat. § 14-32(a). As a result, since any challenge that Defendant's trial counsel might have made to the sufficiency of the evidence to support a determination that Mr. Holiday sustained a serious

injury would have been unavailing, Defendant is not entitled to relief from his conviction for feloniously assaulting Mr. Holiday on ineffective assistance of counsel grounds.

## C. Exclusion of Individuals from the Courtroom

Finally, Defendant contends that the trial court erred by ordering that certain members of the public be excluded from the courtroom during the testimony of a particular witness. More specifically, Defendant contends that the trial court's decision to exclude these three individuals from the courtroom during the testimony of Ms. Whitaker violated his right to a public trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 18 of the North Carolina Constitution and contravened the provisions of N.C. Gen. Stat. § 15A-1034(a), which allow the imposition of "reasonable limitations on access to the courtroom when necessary to ensure the orderliness of courtroom proceedings or the safety of persons present." We are not persuaded that Defendant is entitled to relief from the trial court's judgments based upon these contentions.

## 1. Relevant Facts

Prior to the delivery of the parties' opening statements, the State sought the entry of an order precluding three individuals from being present during the testimony of certain

witnesses. During the trial court's consideration of this motion, Ms. Themes testified that the only reason that the presence of the individuals in question made her nervous stemmed from the fact that she did not like speaking in front of a large group of people. According to her *voir dire* testimony, however, Ms. Whitaker felt uncomfortable testifying at Defendant's trial given Defendant's history of assaultive conduct and the fact that certain individuals in the courtroom were associated with Defendant, although she denied being afraid that these individuals would shoot anyone. In addition, Ms. Whitaker testified that Defendant and the other individuals in the courtroom were members of a gang that was known for its violent tendencies.

In the course of her *voir dire* testimony, Ms. Whitaker described the activities of two individuals named Tony and June. Prior to trial, Tony and June had inquired of Ms. Whitaker about the content of the testimony that she expected to give on behalf of the State. However, Ms. Whitaker declined to tell the two men anything about the information that she planned to communicate to the jury at the time that she took the stand. On each subsequent occasion when she encountered the two men, Tony and June reiterated their request that Mr. Whitaker tell them about the likely content of her trial testimony. On the day

prior to trial, Tony and June asked Ms. Whitaker to help Defendant on the grounds that he had changed, that he would not engage in similar conduct in the future, and that the two of them wanted Defendant to get out of prison. In fact, Tony and June went so far as to inform Ms. Whitaker about the length of the sentence that could be imposed upon Defendant in the event that he was convicted and assured Ms. Whitaker that Defendant would not bother her children in the event that he was acquitted. On the other hand, Tony informed Ms. Whitaker that Defendant could "do something" to her in the event that he was convicted even if he was in prison. Although no explicit threats were ever made to Ms. Whitaker, she feared that her children would be harmed in the event that she had to testify in front of Tony and June, stated that she did not feel comfortable testifying in their presence, and indicated that she would not testify in their presence even if she was held in contempt. Based upon this evidence, the trial court ordered that Tony, June, and an unnamed third person be excluded from the courtroom during Ms. Whitaker's testimony.

## 2. Relevant Legal Analysis

In his brief, Defendant has challenged the trial court's decision to exclude the three individuals from the courtroom on both constitutional and statutory grounds. "It is well settled

that constitutional matters that are not 'raised and passed upon' at trial will not be reviewed for the first time on appeal." *State v. Garcia*, 358 N.C. 382, 410, 597 S.E.2d 724, 745 (2004) (quoting *State v. Watts*, 357 N.C. 366, 372, 584 S.E.2d 740, 745 (2003), *cert. denied*, 541 U.S. 944, 124 S. Ct. 1673, 158 L. Ed. 2d 370, (2004)), *cert. denied*, 543 U.S. 1156, 125 S. Ct. 1301, 161 L. Ed. 2d 122 (2005). In contending that the trial court violated his state and federal constitutional rights to a public trial by failing to make adequate findings of fact as required by the decision of the United States Supreme Court in *Waller v. Georgia*, 467 U.S. 39, 47, 104 S. Ct. 2210, 2216, 81 L. Ed. 2d 31, 39 (1984) (stating that any "party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure"), Defendant suggests, in apparent recognition of his failure to make any sort of explicit constitutional argument in the court below, that we should consider this issue on the merits on the grounds that the general nature of his objection was apparent from the context in which it was made. *E.g., State v. Rollins*, __ N.C. App. __, __, 729 S.E.2d 73, 76 (2012) (alteration in

original) (holding that the nature of the defendant's objection was sufficiently apparent from the context given his argument that a "[c]ourt should be open"). Although Defendant's trial counsel did object to the exclusion of these individuals from the courtroom in the trial court, the only basis cited in support of that objection was the assertion that the excluded individuals were members of Defendant's family.[4] We are unable to interpret this objection, unlike the objection deemed sufficient in *Rollins*, to be tantamount to the assertion of a constitutional right given the absence of any reference to any of the considerations that underlie a defendant's state and federal constitutional right to a public trial. As a result, Defendant did not properly preserve his federal constitutional challenge to the exclusion of these individuals from the courtroom for purposes of appellate review.[5] *See State v.*

---

[4]Interestingly, Defendant later told the trial court that he did not know June, Tony, or the unnamed third individual whom the State wished to have excluded from the courtroom.

[5]In addition to the argument advanced in the text, Defendant has requested that we review his constitutional claim on the merits for plain error or pursuant to N.C.R. App. P. 2. However, we decline to accede to Defendant's request given that plain error review is only available in connection with challenges to trial court evidentiary rulings and instructional decisions, *Greene*, 351 N.C. at 566, 528 S.E.2d at 578, and given that the trial court appears to have had an adequate basis for excluding Tony, June, and the other unnamed individual from the courtroom and could have made appropriate findings had Defendant's contention been brought to its attention in a timely

*Register*, 206 N.C. App. 629, 634, 698 S.E.2d 464, 469 (2010) (citing *State v. Lloyd*, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001)) (holding that, "[t]o the extent that defendant is arguing that he had a constitutional right to have his family present, that argument was not made at trial, and we will not, therefore, consider it for the first time on appeal").

In addition, we believe that the record developed in the trial court adequately supported the exclusion of Tony, June, and the unnamed individual from the courtroom as authorized by N.C. Gen. Stat. § 15A-1034(a) on the grounds that these individuals posed a threat to the safety of Ms. Whitaker and her family. *See State v. Dean*, 196 N.C. App. 180, 188, 674 S.E.2d 453, 459, (holding that the trial court did not abuse its discretion in ordering the spectators removed pursuant to N.C. Gen. Stat. § 1033), *disc. review denied*, 363 N.C. 376, 679 S.E.2d 139 (2009).[6] As we have already noted, Ms. Whitaker testified that Tony and June had repeatedly attempted to dissuade her from testifying against Defendant and made implicit threats that she and her children would be harmed if she did not accede to their requests. In light of this evidence, the trial manner.

[6]Although Defendant has not cited N.C. Gen. Stat. § 15A-1033 in his brief, we believe that decisions construing that statutory provision are helpful in understanding the manner in which a trial court should apply N.C. Gen. Stat. § 15A-1034(a).

court had ample justification for exercising its authority under N.C. Gen. Stat. § 15A-1034(a) to order that Tony, June, and the unnamed individual be excluded from the courtroom during Ms. Whitaker's testimony. As a result, Defendant is not entitled to relief from his convictions on the basis of his challenge to the exclusion of these individuals from the courtroom during a portion of his trial.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that none of Defendant's challenges to the trial court's judgments have merit. As a result, the trial court's judgments should, and hereby do, remain undisturbed.

NO ERROR.

Judges GEER and STEPHENS concur.

Report per Rule 30(e).